# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:  )<br>  )<br>SAMANTHA KAY MONHOLLEN,  )<br>  )<br>  Debtor.  )<br>_____)<br>  )<br>SIMON E. RODRIGUEZ,  )<br>Chapter 7 Trustee,  )<br>  )<br>  Plaintiff,  )<br>v.  )<br>  )<br>BRIDGECREST ACCEPTANCE  )<br>CORPORATION,  )<br>  )<br>  Defendant.  )  | Case No. 21-10255 TBM<br>Chapter 7<br><br><br><br><br>Adversary Proceeding No. |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS AND RECOVER PROPERTY OF THE ESTATE

SIMON E. RODRIGUEZ, by and through his counsel, Wadsworth Garber Warner Conrardy, P.C., for his Complaint to Avoid and Recover Transfers and Recover Property of the Estate, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy

1

Court.

## GENERAL ALLEGATIONS

6. Plaintiff Simon E. Rodriguez (the "Trustee") is the duly appointed chapter 7 trustee of the bankruptcy estate of Samantha Kay Monhollen (the "Debtor"), Case No. 21-10255 TBM.

7. Defendant Bridgecrest Acceptance Corporation ("BAC") is an Arizona corporation doing business in Colorado.

8. The Debtor filed for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on January 19, 2021 (the "Petition Date").

9. On December 15, 2020, the Debtor purchased and received possession of a 2013 Kia Optima motor vehicle, VIN 5XXGR4A69DG245057 (the "Vehicle").

10. The Debtor financed the purchase of the Vehicle with a loan from BAC.

11. To secure the Debtor's repayment obligations, the Debtor granted BAC a security interest in the Vehicle on December 15, 2020.

12. Based upon a search of Colorado motor vehicle records, the security interest was not perfected prior to the Petition Date or within 30 days after the purchase of the Vehicle.

13. Upon the filing of the bankruptcy petition, the Debtor's interest in the Vehicle became property of the estate.

## FIRST CLAIM FOR RELIEF
**(Avoidable transfer under 11 U.S.C. § 544)**

14. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 13 above as though more fully set forth in this Claim for Relief.

15. The grant of the security interest from the Debtor to BAC was a transfer within the meaning of 11 U.S.C. § 101(54)(D) (the "Transfer").

16. Under 11 U.S.C. § 544(a), the Trustee has, as of the commencement of the case, "the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by" (1) a judgment lien creditor and (2) an execution lien creditor.

17. On the Petition Date, BAC's security interest in the Vehicle was unperfected.

18. As of the Petition Date, a judgment lien creditor and/or an execution lien creditor would have the right and power to void the Transfer.

19. The Transfer is therefore avoidable by the Trustee pursuant to the hypothetical strong-arm powers conferred under 11 U.S.C. § 544(a)(1) and (a)(2).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against BAC avoiding the Transfer pursuant to 11 U.S.C. § 544(a) and granting such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Preservation of lien under 11 U.S.C. § 551)

20. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 19 above as though more fully set forth in this Claim for Relief.

21. If the lien is avoided pursuant to 11 U.S.C. § 544(a), the lien becomes property of the estate.

22. The Trustee therefore seeks a determination that the avoided Transfer is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

WHEREFORE, the Trustee requests that the Court enter judgment in his favor and against BAC (a) preserving BAC's avoided lien for the benefit of the estate pursuant to 11 U.S.C. § 551; (b) compelling BAC to assign the lien against the Vehicle to the Trustee; and (c) granting such other relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF
### (Recovery of value of avoided lien pursuant to 11 U.S.C. § 550(a))

23. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 22 above as though more fully set forth in this Claim for Relief.

24. If the Transfer is avoided pursuant to 11 U.S.C. § 544(a), the Trustee may recover the avoided lien or the value thereof from BAC pursuant to 11 U.S.C. § 550(a). The purpose of § 550(a) is to "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *In re Classic Drywall, Inc.*, 127 B.R. 874, 876 (D.Kan. 1991).

25. While the Court has discretion over which remedy to award, "there are circumstances in which avoiding and preserving a lien under § 551 may not suffice to put the estate back to its pre-petition position." *Rodriguez v. Daimlerchrysler Fin. Servs. Ams. (In re Bremer)*, 408 B.R. 355, 360 (10th Cir. BAP 2009) *aff'd Rodriguez v. Drive Financial Serv. (In re Trout)*, 609 F.3d 1106 (10th Cir. 2010). An award of transferred property's value, rather than the property itself, is appropriate "[w]here the property is unrecoverable or its value diminished by conversion or depreciation." *Bremer*, 408 B.R. at 360.

26. Here, awarding the estate the value of the avoided lien is the only means of restoring the estate to the financial condition it would have enjoyed if the transfer was not made because the Vehicle is a depreciating asset.

27. If the Trustee were to obtain only the "property transferred," the Trustee would incur additional fees and expenses in recovering and selling the Vehicle. The costs of sale alone would be at least 10% of the sale price. *See In re Int'l Ski Serv., Inc.*, 119 B.R. at 658 (awarding value where the "recovery of the estate will be enlarged by eliminating both the expenses of administering a sale and the risk of obtaining a lower price at the sale").

28. The value of an avoided lien is measured by the lesser of (a) the value of the collateral on the Petition Date or (b) the indebtedness owed Defendant on the Petition Date. *See Morris v. St. John National Bank (In re Haberman)*, 347 B.R. 411, 417 (10th Cir. BAP 2006) (avoided lien "to be valued at the amount of the Bank's debt on the petition date, limited by the value of the collateral on that date") *aff'd* 516 F.3d 1207 (10th Cir. 2008).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against BAC pursuant to 11 U.S.C. § 550(a), (a) awarding the Trustee the value of the avoided lien on the Petition Date, in an amount to be determined at trial, and (b) granting such other relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
**(Avoidable transfers under 11 U.S.C. § 547(b))**

29. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 28 above as though more fully set forth in this Claim for Relief.

30. Upon information and belief, the Debtor made payments to BAC in the 90 days before the Petition Date on account of the Vehicle loan.

31. All payments made by the Debtor to BAC in the 90 days before the Petition Date are avoidable under 11 U.S.C. § 547(b) because the following elements are met:

　　　a.　The pre-petition payments were made to or for the benefit of BAC, a creditor of the Debtor;

　　　b.　The pre-petition payments were made on account of an antecedent debt owed by the Debtor before the payments were made;

　　　c.　The pre-petition payments were made while the Debtor was insolvent;

　　　d.　The pre-petition payments were made on or within 90 days of the Petition Date;

   e. The pre-petition payments enabled BAC to receive more than BAC would have received in the Debtor's chapter 7 case if the payments had not been made and BAC received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

32. The Trustee is therefore entitled to recover, for the benefit of the estate, the pre-petition payments made by the Debtor to BAC.

WHEREFORE, the Trustee requests that the Court enter judgment in his favor and against BAC for (a) avoidance of the pre-petition payments made by the Debtor to BAC in an amount to be proven at trial pursuant to 11 U.S.C. § 547(b); (b) recovery of said payments from BAC pursuant to 11 U.S.C. § 550; and (c) granting such other relief as the Court deems appropriate.

Dated this 29th day of April, 2021.

        Respectfully submitted,

        WADSWORTH GARBER WARNER CONRARDY, P.C.

        */s/ David V. Wadsworth*
        David V. Wadsworth, #32066
        2580 West Main Street, Suite 200
        Littleton, Colorado  80120
        303-296-1999 / 303-296-7600 FAX
        dwadsworth@wgwc-law.com
        Attorneys for the Plaintiff/Chapter 7 Trustee